# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ENG CHAMPKUNGSING, #13839-035**　　　　　　　　　　　　　　**PETITIONER**

**VERSUS**　　　　　　　　　　　　**CIVIL ACTION NO. 5:10-cv-71-DCB-JMR**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　**RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Champkungsing, an inmate of the Bureau of Prisons, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on April 21, 2010.[1] The Petitioner is currently incarcerated at the Adams County Correctional Center, Washington, Mississippi. After reviewing the Petition and Petitioner's Response [8], the Court has come to the following conclusions.

## Background

Petitioner states that he was convicted of conspiracy to possess with intent to distribute methamphetamine in the United States District Court for the Western District of Louisiana. On April 16, 2009, Petitioner was sentenced to serve 36 months in the custody of the Bureau of Prisons (BOP). Petitioner complains that the BOP has discriminated against him based on his nationality and status as an alien by deeming him ineligible for halfway house placement and by failing to allow him participation in a drug treatment program.

Petitioner failed to submit any documentation from the BOP stating that he exhausted his

---

[1] Petitioner initially filed this case as a Motion to Vacate pursuant to 28 U.S.C. § 2255, in the United States District Court for the Western District of Louisiana. The Western District of Louisiana determined the petition was seeking relief pursuant to 28 U.S.C. § 2241, and transferred the case to this Court on April 21, 2010.

administrative remedies as set forth in 28 C.F.R. § 542 (2009).[2]  On June 25, 2010, the Court entered an Order [7] directing Petitioner to state if he had exhausted his administrative remedies with the BOP.  Petitioner was also directed to provide copies of all responses received from prison officials.  Petitioner filed his Response [8] on July 16, 2010, wherein he states that he wasn't aware of his administrative remedies and therefore he has not submitted any requests or appeals to the BOP regarding the complaints presented in this case.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000);  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  A federal prisoner seeking injunctive relief pursuant to 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons."  *Rourke v. R.G. Thompson*, 11 F.3d 47, 49  (5th Cir.1993)(citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)(citations omitted));  *see also Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977)(citations omitted) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels.  Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

The Petitioner has failed to complete the administrative remedy process available to him prior to filing this request for habeas corpus relief.  As such, this action will be dismissed for the Petitioner's failure to exhaust his administrative remedies.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th

---

[2] The Administrative Remedy Program within the BOP is a three-tiered process provided to inmates for complaints related to their confinement.  28 C.F.R. §§ 542.10-524.19.

Cir.1994)(prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241"); *see also Montoya v. Fleming*, 121 Fed. App'x 35, 36 (5th Cir. 2005)(affirming dismissal of unexhausted § 2241 claims based on INS detainer). The Court further finds that any request Petitioner may be asserting to hold this case in abeyance is denied.

## Conclusion

The Court concludes that Petitioner has failed to exhaust his available administrative remedies as required by law. As such, this Petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 will be dismissed, without prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  2nd   day of August, 2010.


                                           s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE